Juan ORTIZ–MEJIA, Petitioner,

v.

Eric H. HOLDER, JR., Attorney
General, Respondent.

No. 11–73301.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2013.*

Filed Oct. 17, 2013.

Aimee Souza, Souza Immigration Law,
PLLC, Suquamish, WA, for Petitioner.

Oil, Nicole Thomas–Dorris, DOJ–U.S.
Department Of Justice, Washington, DC,
Chief Counsel Ice, Office of the Chief
Counsel Department of Homeland Securi-
ty, San Francisco, CA, for Respondent.

Before: TASHIMA, GRABER, and
MURGUIA, Circuit Judges.

MEMORANDUM **

Juan Ortiz–Mejia, a native and citizen of
Guatemala, petitions for review of a Board
of Immigration Appeals (BIA) order dis-
missing his appeal of a decision by the
immigration judge (IJ) denying his appli-
cations for asylum, withholding of removal,
and protection under the Convention
Against Torture. Our jurisdiction is gov-
erned by 8 U.S.C. § 1252. We deny the
petition for review, which addresses only
Ortiz–Mejia's application for asylum.

Because the BIA incorporated into its
order the IJ's finding that Ortiz–Mejia had
not established that he suffered from past
persecution, we review both decisions to
determine whether that finding is sup-
ported by substantial evidence in the rec-
ord. *Lopez–Cardona v. Holder*, 662 F.3d
1110, 1111 (9th Cir.2011). We conclude
that it is. Although Ortiz–Mejia testified
that he had received threats against him-
self, his family, and his home, he did not
provide specific details as to the tone or
manner of those threats. Ortiz–Mejia, his
family, and his home were never actually
harmed in any way. In the absence of
more specific evidence of threats of harm
or actual harm, the agency's finding that
Ortiz–Mejia did not suffer past persecution
is supported by substantial evidence.

The agency's determination that Ortiz–
Mejia failed to establish a well–founded
fear of future persecution is likewise sup-
ported by the record. *See generally Zeha-
tye v. Gonzales*, 453 F.3d 1182, 1185 (9th
Cir.2006). To establish eligibility for asy-
lum because of a well-founded fear of per-
secution, an alien's fear "must be both
subjectively genuine and objectively rea-
sonable." *Ghaly v. INS*, 58 F.3d 1425,
1428 (9th Cir.1995). Although Ortiz–Mejia
satisfied the subjective component by pro-
viding credible testimony, *see Prasad v.
INS*, 47 F.3d 336, 338 (9th Cir.1995), he
did not satisfy the objective component,
which "requires a showing by credible, di-
rect, and specific evidence in the record, of
facts supporting a reasonable fear of per-
secution on the relevant ground," *Fisher v.
INS*, 79 F.3d 955, 960 (9th Cir.1996).

Ortiz–Mejia produced some evidence
that the individuals who threatened him
identified him politically with the official

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

for whom he worked, and therefore may have been motivated to harm him on account of a protected ground. *See Velarde v. INS,* 140 F.3d 1305, 1311 (9th Cir.1998) (imputing the political opinion of a public official to a bodyguard for the official's family). Even if he showed imputed political opinion, however, Ortiz–Mejia failed to establish that his fear of future persecution is objectively reasonable, because substantial evidence supports the finding that it is unlikely that the persecution he fears will be ongoing. Substantial evidence supports the agency's finding that, whatever the reasonableness of Ortiz–Mejia's fear in the past, it is dispelled by the fact that the politician for whom he worked no longer is in office.

## PETITION FOR REVIEW DENIED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.